**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN C. JOHNSON, | Civil Action No. |
| Plaintiff, | No. 22-1051 (JMV) (LDW) |
| v. | |
| MICHAEL RUSSO, et al., | **OPINION & ORDER** |
| Defendants. | |

**VAZQUEZ, District Judge:**

This matter comes before the Court by way of Plaintiff's Complaint raising claims pursuant to 42 U.S.C. § 1983. (D.E. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

Plaintiff names (1) Warden Michael Russo; (2) Dr. Michael I. Hemsley; and (3) the Bergen County Jail Medical Center, as Defendants in this matter. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff contends that Defendants have violated his rights under the Eighth Amendment. However, the Eighth Amendment only applies to convicted and sentenced prisoners. *Thomas v. Cumberland Cty.*, 749 F.3d 217, 223 n.4 (3d Cir. 2014); *Natale v. Camden Cnty. Corr. Facility,*

318 F.3d 575, 581 (3d Cir. 2003); *Abner v. Ellis*, No. 21-15359, 2021 WL 5827733, at *2 (D.N.J. Dec. 8, 2021).  Plaintiff states that he is a pretrial detainee, rather than a convicted and sentenced prisoner. (D.E. 1, at 2.)  As a result, the Due Process Clause of the Fourteenth Amendment governs his claims. *Thomas*, 749 F.3d at 223 n.4; *Natale*, 318 F.3d at 581.  Accordingly, the Court will dismiss with prejudice Plaintiff's Eighth Amendment claims and convert them to claims under the Fourteenth Amendment.

Next, a county jail and its subsidiaries, such as the Bergen County Jail and its medical center, are "not . . . person[s] amenable to suit under § 1983 – the proper entity subject to suit is instead the county which operates the facility." *E.g.*, *Kelly v. Mercer Cty. Corr. Ctr.*, No. 19-16004, 2020 WL 6899483, at *2 (D.N.J. Nov. 23, 2020) (citing *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015)); *Nickens v. Mercer Cty. Corr. Ctr.*, No. 20-14489, 2020 WL 6323417, at *4 (D.N.J. Oct. 27, 2020) (collecting cases).  Consequently, the Court will dismiss with prejudice Plaintiff's § 1983 claims against the Bergen County Jail Medical Center and substitute the County of Bergen as the proper Defendant as to these claims. *E.g.*, *Ocasio v. Cty. of Hudson*, No. 14-00811, 2018 WL 707598, at *3 (D.N.J. Feb. 5, 2018) (dismissing official capacity claims as duplicative to claims against the county).

Finally, as a request for relief, Plaintiff seeks the dismissal of the charges against him and his release from custody. (D.E. 1, at 6.)  Plaintiff cannot, however, pursue his release in this case, as "[s]uch remedies are not available" in a civil complaint.  *E.g.*, *Riley v. Tarantino*, No. 20-18864, 2022 WL 44626, at *4 (D.N.J. Jan. 5, 2022); *Roman v. Tyner*, No. 20-20344, 2021 WL 1589341, at *2 (D.N.J. Apr. 23, 2021); *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016).  When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Consequently, as Plaintiff can only pursue his release through a federal habeas petition, the Court will dismiss his request for release for lack of jurisdiction.  This dismissal is without prejudice to the filing of a federal habeas petition.

The remainder of the Complaint may proceed.[1]  Accordingly,

IT IS, on this 26th day of September 2022,

**ORDERED** that the Clerk of the Court shall REOPEN this matter; and it is further

**ORDERED** that Plaintiff's Eighth Amendment claims are DISMISSED WITH PREJUDICE; these claims may proceed, however, as claims under the Fourteenth Amendment; and it is further

**ORDERED** that Plaintiff's claims against the Bergen County Medical Center are DISMISSED WITH PREJUDICE, and the Clerk shall SUBSTITUTE the County of Bergen as the proper Defendant as to these claims; and it is further

**ORDERED** that Plaintiff's request for release is DISMISSED, this dismissal is without prejudice to the filing of a federal habeas petition; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that after Plaintiff sends the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint

---

[1] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as they see fit.  Nor is the Court ruling that Plaintiff has established a violation.  Instead, the Court is permitting these claims to go forward beyond screening.

(D.E. 1), summons, and this Opinion and Order upon the Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

      **ORDERED** that the Clerk shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

 

 

                                                  JOHN MICHAEL VÁZQUEZ

                                                  United States District Judge